

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXX~~ERD
ATTORNEY GENERAL

Hon. Ray Lackey
County Auditor
Yoakum County
Plains, Texas

Opinion No. O-7214
Re: Authority of Commissioners' Court to expend Permanent Improvement Funds for Community Buildings in county parks when said funds were derived from taxes levied for permanent improvement purposes prior to the election authorizing the establishment of county parks.

Dear Sir:

We are in receipt of your letter requesting the opinion of this department on the above stated matter. We greatly appreciate the supplemental information which you have furnished us with reference to the subject of your inquiry.

It is our understanding that Yoakum County has recently held an election whereby the Commissioners' Court has been author ized to levy a tax not to exceed Five Cents (5¢) on the One Hundred Dollars ($100.00) valuation for county park purposes. We assume that said election was held pursuant to the provisions of Article 6078, Vernon's Annotated Civil Statutes. Prior to the holding of said election, you requested our opinion as to whether the Commissioners' Court is authorized to expend from $14,000.00 to $20,000.00 out of the Permanent Improvement Fund for the purpose of building Community Buildings in two towns in Yoakum Count You have recently advised us that it is now contemplated that the above mentioned Community Buildings will be built as improvements in the county parks.

In view of the above circumstances, the following proposition is raised: After an election has been held in accordanc with the provisions of Article 6078 and the Commissioners' Court has been authorized to establish county parks, is the Commissioners' Court authorized to expend funds from the Permanent Improvement Fund (which were on hand prior to the holding of said election) for the purpose of constructing Community Buildings in county parks to be established pursuant to the above mentioned election?

Article 6078, V.A.C.S., in part provides:

"Each Commissioners Court is authorized to levy and collect a tax not to exceed five (5) cents on each one hundred dollars assessed valuation of the county for the purchase and improvement of lands for use as

county parks.  No such tax shall be levied and col-
lected until the proposition is submitted to and rati-
fied by the property taxpaying voters of the county at
a general or special election called for that purpose,
provided, a two-thirds majority of the property tax-
paying voters of such county, at an election held for
such purpose shall determine in favor of said tax.  If
said court desires to establish two or more of such
county parks, they shall locate them in widely separ-
ated portions of the county.  Said court shall have full
power and control over any and all such parks and may
levy and collect an annual tax sufficient in their judg-
ment to properly maintain such parks and build and con-
struct pavilions and such other buildings as they may
deem necessary, lay out and open driveways and walks,
pave the same or any part thereof, set out trees and
shrubbery, construct ditches or lakes, and make such
other improvements as they may deem proper.  Such parks
shall remain open for the free use of the public under
such reasonable rules and regulations as said court may
prescribe."

Under the above quoted provisions, the method of estab-
lishing a county park system is specifically set forth, and, pur-
suant to said provisions, theCommissioners' Court is authorized to
levy a tax not to exceed Five Cents (5¢) on the One Hundred Dollars
($100.00) valuation for the purpose of purchasing and improving
lands for use as county parks.  It is a well recognized principle
of law that when the Legislature prescribes a definite, certain
and fixed method of procedure for a county to follow in the execu-
tion of its governmental functions, other methods are by implica-
tion of law excluded.  Foster v. City of Waco, 255 S.W. 1104 (Sup.
Ct.).  We point out further that it has been held generally that
money raised by taxation for any particular purpose shall be ap-
plied to that particular purpose and to no other.  (Carroll v.
Williams, 202 S.W. 504; 11 Tex.Jur., p. 610)

It is apparent that the $14,000.00 to $20,000.00 in the
Permanent Improvement Fund to which you refer was derived from a
levy or levies of taxes for permanent improvement purposes other
than for county parks for, as stated by you, the above mentioned
balances were on hand prior to the recent election which author-
ized the Commissioners' Court to levy a specific tax for county
park purposes.

In view of the above and foregoing, it is our opinion
that the Commissioners' Court is not authorized to expend the above
mentioned balances in the Permanent Improvement Fund (derived from
taxes levied prior to the time the Commissioners' Court was author-
ized to levy a specific tax and expend county funds for park pur-
poses) for the purpose of constructing Community Buildings in county

parks in Yoakum County. You are further advised that the funds for any improvements in the county parks must be derived from a specific tax levied for park purposes in accordance with the provisions of Article 6078, supra. We point out further that although the tax levied in accordance with Article 6078 is a specific tax, this department has held that a tax levied under said Article for the purpose of making permanent improvements in county parks must be construed as a specific levy or allocation within the constitutional limitation for permanent improvements, and such levy for improvements in county parks cannot operate to increase the total amount levied by the county for permanent improvement purposes beyond the constitutional limitation for permanent improvements. Likewise, such amount of annual tax that may be levied for the operating expenses of said parks must be dealt with as a specific levy or allocation within the levy for general purposes and cannot operate to increase the total general fund levy beyond the constitutional limitation for general purposes. For a further discussion of this matter we refer you to our Opinion No. O-1082, a copy of which is enclosed for your convenience.

When a tax not exceeding Five Cents (5¢) on the One Hundred Dollars ($100.00) valuation has been levied in accordance with the provisions of Article 6078, the Commissioners' Court may expend the funds derived from such levy for "the purchase and improvement of lands for use as county parks." With reference to the type of improvements which may be made in county parks, we call your attention to Our Opinion No. O-6700 wherein it was pointed out that it was contemplated by the Legislature that funds raised by taxation under a specific levy for county park purposes should be used primarily for the purpose of providing facilities for the amusement, recreation and enjoyment of the people of the county. We are enclosing herewith a copy of the above mentioned opinion wherein this matter is fully discussed. In view of the foregoing, you are advised that if the Commissioners' Court, within its sound discretion, has determined that the contemplated use or uses of the Community Buildings to be constructed as improvements in the county park system are primarily for the amusement, recreation and enjoyment of the people of the county, the Commissioners' Court would be authorized to expend funds derived from the special tax levied for park purposes for the construction of such buildings.

We trust that the above and foregoing will satisfactorily answer your inquiry.

APPROVED MAY 31, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL
APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN
JAE:djm:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s J. A. Ellis
J. A. Ellis, Assistant